CAAP-10-0000100

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I

TRUST NO. 09-1-0055
IN THE MATTER OF VIOLET-MARIE M. ROSEHILL,
Revocable Living Trust Dated December 23, 1986

and

TRUST NO. 09-1-0056
IN THE MATTER OF MARCUS F. ROSEHILL,
Revocable Living Trust Dated December 23, 1986

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT

ORDER DENYING WITHOUT PREJUDICE THE JANUARY 6, 2011
MOTION TO DISMISS APPEAL FOR LACK OF JURISDICTION
(By: Nakamura, C.J., Reifurth and Ginoza, JJ.)

Upon review of (1) Petitioner-Appellee Marvi M. Rosehill Ching's (Appellee Ching) January 6, 2011 motion to dismiss appellate court case number CAAP-10-0000100 for lack of jurisdiction, and (2) the record, we decline at this preliminary stage in this appeal to adjudicate all of the issues raised in Appellee Ching's January 6, 2011 motion to dismiss Appellant Rosehill's appeal from the Honorable Rom A. Trader's September 22, 2010 judgment.

We note that the September 22, 2010 judgment is certified for appeal in the manner provided by Rule 54(b) of the Hawai‘i Rules of Civil Procedure (HRCP), and, thus, the

September 22, 2010 judgment is an appealable final judgment under Rule 34 (a) of the Hawai'i Probate Rules (HPR) and Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2010). With respect to the thirty-day time period for filing a notice of appeal under Rule 4(a)(1) of the Hawai'i Rules of Appellate Procedure (HRAP), the thirtieth calendar day after September 22, 2010, was Friday, October 22, 2010, which was a furlough day for all state courts, and, thus, HRAP Rule 26(a) extended the thirty-day time period under HRAP Rule 4(a)(1) for filing a notice of appeal until Monday, October 25, 2010. See Order Regarding the Closure of All Hawai'i State Courts (Hawai'i Oct. 23, 2009). Appellant Rosehill's October 25, 2010 notice of appeal, therefore, was timely. A valid appeal from the September 22, 2010 judgment would entitle Appellant Rosehill to appellate review of all interlocutory orders that related to the September 22, 2010 judgment, because "[a]n appeal from a final judgment brings up for review all interlocutory orders not appealable directly as of right which deal with issues in the case." Ueoka v Szymanski, 107 Hawai'i 386, 396, 114 P.3d 892, 902 (2005) (citation and internal quotation marks omitted).

However, an issue exists whether Appellant Rosehill is entitled to assert an appeal because Appellant Rosehill is not licensed to practice law as an attorney in Hawai'i. It appears that one of the issues in this appeal is whether Appellant Rosehill, as a non-attorney, has been entitled to participate, as a *pro se* litigant, in this litigation. We prefer to adjudicate this issue after the parties have the opportunity to address it in their appellate briefs. Therefore, we decline to rule on this issue until the parties in this appeal have filed their appellate briefs. Accordingly,

IT IS HEREBY ORDERED that we deny Appellee Ching's January 6, 2011 motion to dismiss appellate court case number

2

CAAP-10-0000100 for lack of jurisdiction, but we do so without prejudice to the parties' further addressing in their appellate briefs the issue of whether Appellant Rosehill can appear without counsel in this litigation.

DATED:  Honolulu, Hawai'i, April 6, 2011.

Chief Judge

Associate Judge

Associate Judge